**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS SAN ANGELO DIVISION**

| | |
|---|---|
| **RYAN PEARL,** individually and as next friend of **B.P.,** A Minor; and **ALEXANDRIA NIETO,** individually and as next friend of **J.G**., a minor; and,<br>Plaintiffs<br>vs.<br>**UNITED STATES OF AMERICA**,<br>Defendant | **NO. 6:24-CV-00018** |

# PLAINTIFFS' COMPLAINT

On February 12, 2023, a U.S. Postal Service truck sped past a stop into an intersection, and failed to yield to oncoming highway traffic. As a result, the truck "T-boned" another vehicle lawfully in the intersection and its occupants, Alexandria Nieto, J.G., and B.P. suffered serious personal injuries. Plaintiffs bring suit against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80, for damages arising out this wreck.

## PARTIES

1.1. Plaintiffs Alexandria Nieto and J.G. reside in San Angelo, Texas, which is in Tom Green County, Texas. J.G. is a minor. Alexandria Nieto is the biological mother of J.G.

1.2. Plaintiffs Ryan Pearl and B.P. reside in San Angelo, Texas, which is in Tom Green County, Texas. B.P is a minor. Ryan Pearl is the biological father of B.P.

1.3. The Defendant is the United States of America, its officers, agents, employees, and representatives.

## JURISDICTION, SERVICE, & VENUE

2.1. This Federal District Court has jurisdiction because this action is brought under 28 U.S.C. §§ 1346(b), 2671–80, commonly known as the Federal Tort Claims Act, which vests exclusive subject-matter jurisdiction of the Federal Tort Claims Act in Federal District Court.

2.2. The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on

the United States Attorney for the Northern District of Texas by certified mail, return receipt requested at her office:

Leigha Simonton
ATTN: Civil Process Clerk
U.S. Attorney's Office
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699

2.3. The United States also needs service of the Summons and Complaint on Merrick Garland, Attorney General of the United States, by certified mail, return receipt requested at:

The Attorney General's Office
ATTN: Civil Process Clerk
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

2.4. Venue is proper in this district under 28 U.S.C. § 1402(b) because the United States is a Defendant and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Further, venue is proper because the Plaintiffs reside in this judicial district.

2.5. The substantive law of the State of Texas applies to this lawsuit because the acts or omissions complained of in this Complaint occurred in Texas. *See* 28 U.S.C. § 1346(b)(1).

## AGENCY

3.1. The personal injuries and resulting damages of the Plaintiffs were proximately caused by the tortious and wrongful acts or omissions of employees or agents of the United States of America working for the United States Postal Service, while acting within the scope of their office, employment, or agency under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual.

3.2. The United States Postal Service is an agency of the United States of America.

3.3. The vehicle that struck Plaintiffs on February 12, 2023, was operated by a United States Postal Service Employee acting within the course of scope of their employment with the United States or its agency, at all times relevant to this lawsuit.

3.4. On February 12, 2023, Jayleah Tenee Everitt was an employee or agent of the United States of America or its agency, the United States Postal Service.

3.5. On February 12, 2023 at approximately 12:00 pm when the U.S. Postal Service vehicle collided with Plaintiffs' vehicle, Jayleah Tenee Everitt was driving within the course and scope of

her employment or agency with the United States of America or its agency, the United States Postal Service.

3.6. On February 12, 2023, at approximately 12:00pm, the white, 2022 Mercedes-Benz Metris with the Vehicle Identification Number W1XV0BEM7N3973797 was owned by the United States Postal Service and operated by its employee or agent.

## JURISDICTIONAL CONDITIONS PRECEDENT

4.1. Under 28 U.S.C. §§ 2672 and 2675(a) the claims set forth in this Complaint have met all jurisdictional prerequisites, including timely administrative presentment.

4.2. The claims were presented to the proper federal agency, the United States Postal Service, on August 2, 2023.

4.3. The United States Postal Service acknowledged receipt of the claims on October 24, 2023, confirming the claims were delivered and presented on August 2, 2023.

4.4. The claims set forth a brief description of the facts giving rise to the claim as well as a sum certain. For Plaintiff Alexandria Nieto, the claim set forth a sum certain of $30,000,000. For Plaintiff J.G., the claim set forth a sum certain of $30,000,000.

For Plaintiff Ryan Pearl, the claim set forth a sum certain of $30,000,000. For Plaintiff B.P., the claim set forth a sum certain of $30,000,000.

4.5. This lawsuit was filed more than six months after Plaintiffs presented their claim on August 2, 2023.

4.6. Since Plaintiffs presented their claims, the United States Postal Service has failed to take final action on Plaintiffs' claims. Therefore, Plaintiffs have sufficiently exhausted their administrative process and their claims are deemed denied.

4.7. Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to filing suit against the United States of America.

## THE CRASH

5.1. This claim concerns the negligent operation of Postal Vehicle No. 2329551, a 2022 white Mercedes-Benz Metris, driven by Jayleah Tenee Everitt, which collided with a 2018 black Nissan Rogue on February 12, 2023, in San Angelo, Texas.

5.2. On Feb. 12, 2023, Ms. Everitt drove a 2022 Mercedes-Benz Metris postal truck (referred to in this complaint as the

Postal Truck). The United States Postal Service owns and operates this truck. The Postal Truck's curb weight is over 4,000 pounds, but when loaded, its gross weight is over 6,000 pounds.

5.3. The Postal Truck headed southbound on Olsak Road towards FM 765. Southbound Olsak Road is an unpaved, gravel country road. FM 765 is a paved, two-lane, striped farm to market road.

5.4. If the Postal Truck had stopped to look, it would have found an unobstructed view to either side.



5.5. The traffic on FM 765 had the right-of-way at the intersection of FM 765 and Olsak Road.

5.6. The Postal Truck must yield the right-of-way to vehicles traveling on FM 765. When approaching any such intersection, the Postal Truck has an obligation to make sure there is no oncoming traffic from either direction. The Postal Truck cannot proceed into the intersection without making sure the crossing is safe.

5.7. The Postal Truck sped through the intersection without stopping and directly and literally "T-Boned" the Plaintiffs' vehicle. Because of the high speed of the impact, Plaintiffs' vehicle rolled over, crushing the front passenger compartment. The investigating officer determined that the Postal Truck's failure to stop and yield the right-of-way caused this wreck. Multiple airbags in the postal truck deployed and the postal truck driver suffered non-incapacitating injuries.

5.8. Ms. Alexandria Nieto and her minor child, J.G., were seated in the front seats. Ms. Nieto was driving. Neither was belted in, so they were not crushed by the collision. Instead, after

the Postal Truck hit their vehicle, they were thrown out and survived the wreck.






5.9. B.P., the minor friend of J.G., was sitting in the back seat. She was belted and ended up entrapped in the vehicle.

5.10. The Postal Truck driver did not exercise reasonable care when she entered the highway intersection. The Postal Truck driver failed to exercise reasonable care when the truck failed to yield the right-of-way to oncoming traffic, failed to keep a proper and safe lookout, failed to maintain a proper and safe speed, failed to come to a complete stop before entering the highway intersection, and failed to follow applicable traffic safety laws and rules. All these failures to exercise reasonable care on the roadway, individually and collectively, proximately caused the collision in question that resulted in permanent lifelong injuries and damages to Plaintiffs.

## CAUSE OF ACTION

6.1. Through its employees, agents, servants, the Defendant United States of America, was negligent in one or more of the following respects:

(a) Negligent per se for failing to stop, yield, and grant immediate use of the intersection in violation of Tex. Transp. Code § 545.151(a);

(b) Negligent per se for failing to stop, yield, and enter a highway intersection safely only after traffic had cleared in violation of Tex. Transp. Code § 545.151(b);

(c) Negligent per se for entering a highway from a private road or driveway without yielding the right-of-way to a vehicle on the highway in violation of Tex. Transp. Code § 545.155;

(d) Negligent per se for operating the vehicle at a speed greater than reasonable under the circumstances and failing to control the vehicle's speed as necessary to avoid colliding with vehicles on a highway in violation of Tex. Transp. Code § 545.351;

(e) Negligent for failing to yield the right-of-way to oncoming traffic;

(f) Negligent for failing to keep a proper and safe lookout;

(g) Negligent for failing to maintain a proper and safe speed;

(h) Negligent for failing to come to a complete stop before entering a highway intersection;

(i) Negligent for failing to maintain proper and safe control of her vehicle;

(j) Negligent for entering a highway while oncoming traffic was in the highway.

6.2. At all material times, the employees, agents, or representatives of the United States Government were negligent and caused the injuries sustained by Plaintiffs.

## DAMAGES

7.1. Due to the Government's negligence described in this Complaint, Plaintiffs suffered injuries and damages.

7.2. As a proximate result of the Defendant's negligent acts or omissions, Plaintiffs suffered injuries, which would not have otherwise occurred. Plaintiff Alexandria Nieto, individually and as next friend of J.G., pleads for all damages available under Texas state law, federal law, and equity including, but not limited to:

1. Past and future pain and suffering;
2. Past and future mental anguish;
3. Past and future physical disfigurement;
4. Past and future physical impairment;

5. Past and future reasonable charges necessary for medical care, hospitalization, rehabilitation services, custodial care, supplies, medical equipment, medications, nursing, and attendant care, and other health care treatment and expenses;

6. Past and future lost earnings, and earning capacity;

7. Past and future loss household services;

8. Past and future loss of consortium;

9. Out-of-pocket expenses; and

10. All other damages entitled to Plaintiffs by law and equity.

7.3. Plaintiff Ryan Pearl, individually and as next friend of B.P., pleads for all damages available under Texas state law, federal law, and equity including, but not limited to:

1. Past and future pain and suffering;

2. Past and future mental anguish;

3. Past and future physical disfigurement;

4. Past and future physical impairment;

5. Past and future reasonable charges necessary for medical care, hospitalization, rehabilitation services, custodial care, supplies, medical

equipment, medications, nursing, and attendant care, and other health care treatment and expenses;

6. Past and future lost earnings, and earning capacity;
7. Past and future loss household services;
8. Past and future loss of consortium;
9. Out-of-pocket expenses; and
10. All other damages entitled to Plaintiffs by law and equity.

7.4. Further, Plaintiffs seek post-judgment interest and the costs of prosecuting this claim. But Plaintiffs do not seek punitive damages or pre-judgment interest.

## CONCLUSION

Plaintiffs request that Defendant be cited to appear and answer herein: that upon final bench trial, Plaintiffs have a judgment against the Defendant for the amount of actual damages; and for such other and different amounts as they shall show by proper amendment before trial; for post-judgment

interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiff may show himself entitled to and to which the Court believes them deserving.

Respectfully Submitted,

/s/ Jamal Alsaffar
**JAMAL ALSAFAR**
jalsaffar@nationaltriallaw.com
Texas State Bar #24027193
**TOM JACOB**
tjacob@nationaltriallaw.com
Texas State Bar #24069981
**WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR, HIGGINBOTHAM, & JACOB P.L.L.C.**
1114 Lost Creek Blvd, Ste. 410
Austin, TX 78746
(512) 476-4346 (o)
(512) 467-4400 (f)
Attorneys for the Plaintiffs

**GUY CHOATE**
gdchoate@webbstokessparks.com
Texas State Bar #04212410

**CARLOS RODRIGUEZ**
crod@webbstokessparks.com
Texas State Bar # 24041804
Webb, Stokes & Sparks, L.L.P.
314 W. Harris Ave.
San Angelo, TX 76903-6339
(325) 718-2048 (o)
Attorneys for the Pearl family

**JON BAILEY**
Texas State Bar #24026773
jonbailey@thebaileyfirm.com
The Bailey Law Firm
136 East Twohig
San Angelo, TX 76903
(325) 658-1111 (o)
Attorney for the Nieto family