IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

_____

| | |
|---|---|
| RYAN PEARL, Individually and as next friend of B.P. a minor, ALEXANDRIA NIETO, Individually and as next friend of J.G., a minor,<br><br>          Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | <br><br><br>Civil Action No. 6:24-CV-00018-H |

## **JOINT MOTION TO MODIFY SCHEDULING ORDER**

Plaintiffs Ryan Pearl (individually and as next friend of B.P.) and Alexandria

Nieto (individually and as next friend of J.G.) and Defendant the United States of

America together and jointly move to modify the scheduling order under Federal Rule of

Civil Procedure 16(b)(4).  Specifically, the parties move to modify the trial date and

certain other deadlines set forth in the Court's scheduling order (ECF No. 10) (from

before the case was reassigned from Judge Cummings to Judge Hendrix) and to set

certain deadlines believed to be typically set forth in Judge Hendrix's scheduling orders.

| Deadlines | Current date | Proposed date |
|---|---|---|
| Initial Disclosures | None | 3/21/2025 |
| Plaintiffs' Expert Designation & Report | None | 3/28/2025 |
| Responsive Expert Designation & Report | None | 5/27/2025 |
| Rebuttal Expert Designation | None | 6/26/2025 |
| Mediation | 6/2/2025 | 7/30/2025 |

**Joint Motion to Modify Scheduling Order – Page 1**

| Completion of Discovery | 9/15/2025 | 9/15/2025 |
| Expert Objections | 9/15/2025 | 9/15/2025 or 10/15/2025[1] |
| Dispositive Motions | 6/2/2025 | 9/15/2025 or 10/15/2025 |
| Pretrial Disclosures and Objections | 9/15/2025 | 1/16/2026 |
| Pretrial Materials | 9/15/2025 | 1/16/2026 |
| Exchange of Exhibits | 9/15/2025 | 1/23/2026 |
| Trial Date | 10/6/2025 | 2/6/2026 |

The Court may modify a scheduling order on good cause shown. Fed. R. Civ. P. 16(b)(4). There is good cause to modify the current scheduling order. The parties have diligently pursued discovery: each side has served and responded to written discovery (although the parties disagree about the completeness), each side has produced thousands of pages of documents in response to document requests, the United States has served multiple subpoenas, the parties have scheduled two depositions (of both drivers of the vehicles involved in the accident), and the United States has noticed under Federal Rule of Civil Procedure 30(b)(6) the deposition of the Texas Department of Transportation (TxDOT) a designated responsible third party. The parties are working together to diligently complete discovery in a timely manner but believe setting deadlines for (among other things) expert disclosures, after which point the parties will

---

[1] Plaintiffs request a dispositive and *Daubert* motion deadline at the close of discovery. Defendant requests the deadline 30 days after the close of discovery. Plaintiffs' position is that this is a simple car wreck case, resulting in a side-impact collision occurred when a USPS van failed to yield and struck the side of Plaintiffs' car. Plaintiffs do not expect significant motion practice but would request as much space between the close of discovery and trial date to ensure that parties can get the trial date requested (Feb. 2026).

The United States' position is that the lack of a stop sign in the Postal Service driver's direction of traffic was a substantial factor in the car accident (*see* ECF Nos. 11 and 12), and Plaintiffs Nieto's and J.G.'s negligent failure to wear seatbelts were substantial factors in their injuries. Because Plaintiffs are believed to be seeking substantial future medical costs for the treatment of traumatic brain injuries (not readily visible to a lay person), extensive expert testimony is expected. The United States does not believe the Court or justice will be served if expert briefing (and, if necessary, the preparation of dispositive motions) occurs during the discovery period, while many experts may still be being deposed and documents being produced. Instead, the United States proposes 30 days between the close of discovery and the deadline to file such motions, which is believed to be consistent with the Court's practice in its typical scheduling orders.

engage in mediation, will help resolve this matter.  The parties have identified Paul D. Stipanovic as the agreed mediator and are looking at dates in May or June for mediation.

 To build in adequate time for rulings on dispositive and expert motions and to prepare for trial after the close of discovery (which was originally set to close in September 2025 and will remain unchanged), the parties propose trial begin on February 6, 2026.

Dated: February 26, 2026

Respectfully Submitted,

/s/ Tom Jacob (w/p)
Jamal K. Alsaffar
Texas Bar No. 24027193
Tom Jacob
Texas Bar No. 24069981
Whitehurst, Harkness, Brees, Cheng,
Alsaffar, Higginbotham, & Jacob
P.L.L.C.
1114 Lost Creek Blvd, Ste. 410
Austin, TX 78746
(512) 476-4346 (o)
(512) 467-4400 (f)
jalsaffar@nationaltriallaw.com
tjacob@nationaltriallaw.com
*Attorneys for Plaintiffs*

Guy D Choate
Texas Bar No. 04212410
Carlos Rodriguez
Texas Bar No. 24041804
Webb Stokes & Sparks
Po Box 1271
San Angelo, TX 76902
(325) 718-2048 (o)
crod@webbstokessparks.com
gdchoate@webbstokessparks.com
*Attorneys for the Pearl Family*

Jon Joseph Bailey
Texas Bar No. 24026773
The Bailey Law Firm
136 E Twohig
San Angelo, TX 76903
(325) 658-1111 (o)
jonbailey@thebaileyfirm.com
*Attorneys for the Nieto Family*

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

*/s/ George M. Padis*
George M. Padis
Texas Bar No. 24088173
Mary M. (Marti) Cherry
Texas Bar No. 24055299
Emily H. Owen
Texas Bar No. 24116865
Assistant United States Attorneys
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
214.659.8600
Fax: 214.659.8807
george.padis@usdoj.gov
mary.cherry@usdoj.gov
emily.owen@usdoj.gov

Ann E. Cruce-Haag
Assistant United States Attorney
Texas Bar No. 24032102
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
806.472.7351
Fax: 806.472.7394

*Attorneys for Defendant the United States
of America*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 26, 2025, a copy of the above was electronically filed with the Court's CM/ECF system and served on Plaintiffs.

*/s/ George M. Padis*
George M. Padis