Friday, March 14, 2025 at 16:23:43 Central Daylight Time

**Subject:** Re: Pearl v. USA, No. 5:24-cv-18-H (N.D. Tex.) - Call to Discuss Potential Conflict of Interest
**Date:** Wednesday, March 12, 2025 at 9:05:19 PM Central Daylight Time
**From:** Padis, George (USATXN)
**To:** Tom Jacob
**CC:** Jamal Alsaffar, Jon Bailey, Haag, Ann (USATXN), Owen, Emily (USATXN), Cherry, Mary (USATXN), London-Doucet, Stacy (USATXN), Carlos Rodriguez, gdchoate@webbstokessparks.com, Thelma Alvarado, Jocelyn

Please list the United States as unopposed to the relief requested.

George M. Padis
Assistant U.S. Attorney
(214) 659-8645

---

**From:** Tom Jacob <tjacob@nationaltriallaw.com>
**Sent:** Wednesday, March 12, 2025 8:33:58 PM
**To:** Padis, George (USATXN) <GPadis@usa.doj.gov>
**Cc:** Jamal Alsaffar <jalsaffar@nationaltriallaw.com>; Jon Bailey <jonbailey@thebaileyfirm.com>; Haag, Ann (USATXN) <AHaag@usa.doj.gov>; Owen, Emily (USATXN) <EOwen1@usa.doj.gov>; Cherry, Mary (USATXN) <MCherry@usa.doj.gov>; London-Doucet, Stacy (USATXN) <SLondonDoucet@usa.doj.gov>; Carlos Rodriguez <crod@webbstokessparks.com>; gdchoate@webbstokessparks.com <gdchoate@webbstokessparks.com>; talvaradonationaltri (Vendor) <talvarado@nationaltriallaw.com>; Jocelyn <jocelyn@thebaileyfirm.com>
**Subject:** [EXTERNAL] Re: Pearl v. USA, No. 5:24-cv-18-H (N.D. Tex.) - Call to Discuss Potential Conflict of Interest

George,

Attached is what we propose as a motion/proposed order. It's currently written as an unopposed motion, but please let us know if we should list the Government as opposed or unopposed.

Thank you,
Tom

**NATIONAL TRIAL LAW | TEXAS ROOTS, NATIONAL REACH®**
512.476.4346 | tjacob@nationaltriallaw.com

> On Mar 12, 2025, at 5:18PM, Padis, George (USATXN) <George.Padis@usdoj.gov> wrote:
>
> Tom,
> We disagree that our letter sought any attorney–client privileged information or sought to "interject[]" the United States or its counsel into any attorney–client relationship. As for the substance, as discussed in the earlier email and again before yesterday's

deposition, we believe there is a conflict of interest between Ms. Nieto and the other plaintiffs that needs to be addressed. As discussed yesterday, Rule 1.06(c) has two steps. Step 1 is a reasonable determination that concurrent representation of Ms. Nieto and the other plaintiffs will not materially affect the representation of any such client (which an objective standard). Step 2 is informed consent from each client (Ms. Nieto, J.G., B.P., and Mr. Pearl) after full disclosure (paraphrasing). I thought I made clear yesterday the GAL would address only step 2, and we would need to separately address step 1. Sorry for any confusion on what we think is the appropriate order of operations. We think Step 1 can be addressed by a letter without sharing any privileged or confidential information.

We would not be opposed to a motion recommending the appointment of Mr. Templeton as one of the potential guardians ad litem; we do think separate guardians for J.G. and B.P. would be best, but that ultimately will be up to the Court (and y'all). But again, we think that at step 1, a conflict of interest between Ms. Nieto and the other plaintiffs still needs to be addressed in writing (and we don't think that such a writing constitutes a confidential communication between an attorney and client for the purpose of obtaining legal advice). If a letter is not what y'all have in mind, we would think your motion could contain a representation to the Court that the attorneys reasonably believe concurrent representation of Ms. Nieto and the other plaintiffs will not materially affect the representation.

Best,
George

George M. Padis
Assistant U.S. Attorney
(214) 659-8645

**From:** Tom Jacob <tjacob@nationaltriallaw.com>
**Sent:** Wednesday, March 12, 2025 2:59 PM
**To:** Padis, George (USATXN) <GPadis@usa.doj.gov>
**Cc:** Jamal Alsaffar <jalsaffar@nationaltriallaw.com>; Jon Bailey <jonbailey@thebaileyfirm.com>; Haag, Ann (USATXN) <AHaag@usa.doj.gov>; Owen, Emily (USATXN) <EOwen1@usa.doj.gov>; Cherry, Mary (USATXN) <MCherry@usa.doj.gov>; London-Doucet, Stacy (USATXN) <SLondonDoucet@usa.doj.gov>; Carlos Rodriguez <crod@webbstokessparks.com>; gdchoate@webbstokessparks.com; talvaradonationaltri (Vendor) <talvarado@nationaltriallaw.com>; Jocelyn <jocelyn@thebaileyfirm.com>
**Subject:** [EXTERNAL] Re: Pearl v. USA, No. 5:24-cv-18-H (N.D. Tex.) - Call to Discuss Potential Conflict of Interest

George,

We received your letter following the deposition of USPS supervisor and crash investigator Jamie Sanchez. We were surprised by the content and tone of the letter and perhaps it can be explained by the multiple acts of negligence

conceded in that deposition (and indeed gross negligence and punitive damages, if such were allowed against the United States). Unfortunately, we are now forced to respond to your letter.

First, your attempt to require us to divulge to you, the Defendant, in writing, protected attorney-client communications is not only inappropriate but violates the disciplinary rules of professional conduct. Moreover, we cannot let the Government decide who can and cannot represent the victims of the Government's own negligence. Especially when the issue is raised years after litigation started and only after another implicating deposition from the Government's own witness.

The frivolous nature of the Government's position is illustrated by its attempt to conflate the Pearl family's case with the Nieto family. As you know, B.P. had her seatbelt on and even with that seatbelt, she was horrifically injured by the Government's negligence—including a broken hip and brain damage. Yet, for some reason, the Government finds a conflict between B.P. and Ms. Nieto.

Moreover, the cases the Government cites are neither binding precedent nor helpful. For example, take the *Ames* case. 184 F. Supp. 2d 566 (N.D. Tex. 2002) (McBride, J.). In that case, the Judge McBride held that a party's opposition to summary judgment was "obviously ... not up to professional standards—indeed, the opposition was as unprofessional as any the court has encountered." *Id.* at 577. They were given an opportunity to cure but neglected to do so. *Id.* That's not the case here. Our prosecution of the case against the Government has not only been vigorous and professional, but the Government's liability has been established more clearly, not less, since filing of suit, and especially after yesterday's testimony.

Then, there's *Brennan*. 949 F. Supp. 305 (E.D. Penn. 1996). This Pennsylvania case held an attorney representing a plaintiff was disqualified because they had previously represented the defendant (who did not waive the conflict). We can assure you we have not previously represented the United States nor do we presently intend to represent the Government in the future.

Setting those inapposite cases aside, we hope that your intention was not to impermissibly interfere with attorney-client relationships and request us to violate our ethical obligations. Especially as we have had a very amicable working relationship with you and have been very patient with the Government's outstanding and long-delayed discovery obligations.

What's more, in our discussion before Mr. Sanchez's deposition, we thought we already had an agreement that we would proceed with agreed GAL

appointments for the minor children. As we explained in that discussion, we always appoint GALs whenever a minor child is involved in a case whether a true conflict exists or not. Usually, that occurs when there is an actual settlement or judgment. You seemed to understand that in our conversations. But, we went further and agreed that we would be happy to speed that process up and do the GAL appointments now ahead of mediation. You said that would solve it. Then we got your letter.

That said, as we discussed on the zoom yesterday before you sent your letter, we can and do intend to ask the court to appoint a GAL either before any potential settlement is approved or before any judgment funds are disbursed. While your letter is an interjection into an attorney-client relationship, our objective is to keep this case moving forward and focused on the issues that matter. We have no problem requesting the Court appoint a GAL. Please let me know by this **Friday, March 14, 2025**, if the Government opposes the appointment of Scott Templeton of the Templeton Law Firm in San Angelo as GAL. I understand he has served as GAL previously in the N.D. Texas. If you do not oppose, we will file an unopposed motion requesting the Court appoint him on behalf of the minor children.

Tom

**NATIONAL TRIAL LAW | TEXAS ROOTS, NATIONAL REACH®**
WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR, HIGGINBOTHAM, & JACOB PLLC | 1114 LOST CREEK BLVD. STE 410, AUSTIN, TEXAS 78746 | 512.476.4346 | www.nationaltriallaw.com
tjacob@nationaltriallaw.com

> On Mar 11, 2025, at 4:58 PM, Padis, George (USATXN) <George.Padis@usdoj.gov> wrote:
>
> Jamal, Tom, and Mr. Bailey,
> Tom and I discussed this issue before going on the record in Mr. Sanchez's deposition this morning, and it was my understanding that a call was not needed. Please review the attached correspondence addressing this issue more fully.
>
> Best,
> George
>
> George M. Padis
> Assistant U.S. Attorney
> (214) 659-8645
>
> ---
> **From:** Padis, George (USATXN)

**Sent:** Friday, March 7, 2025 2:18 PM
**To:** Jamal Alsaffar <jalsaffar@nationaltriallaw.com>; Tom Jacob <tjacob@nationaltriallaw.com>; Jon Bailey <jonbailey@thebaileyfirm.com>; Carlos Rodriguez <crod@webbstokessparks.com>
**Cc:** Haag, Ann (USATXN) <AHaag@usa.doj.gov>; Owen, Emily (USATXN) <EOwen1@usa.doj.gov>; Cherry, Mary (USATXN) <MCherry@usa.doj.gov>
**Subject:** Pearl v. USA, No. 5:24-cv-18-H (N.D. Tex.) - Call to Discuss Potential Conflict of Interest

Hi Jamal, Tom, Mr. Bailey, and Mr. Rodriguez,

Based on Ms. Nieto's testimony yesterday, we are concerned that Ms. Nieto's interests in the litigation appear to be directly adverse to those of the passengers of the vehicle (and those of Mr. Pearl, one passenger's father). That conflict of interest could potentially jeopardize a settlement or judgment in this case or affect other important interests. This concern is heightened by the fact that the passengers are minors, which likely requires the appointment of a guardian ad litem to obtain informed consent. Before we proceed further in the litigation or toward settlement, we wanted to bring this issue to your attention. Do you have time early next week for a call to discuss?

Best,
George

**George M. Padis**
Assistant U.S. Attorney
The U.S. Attorney's Office for the Northern District of Texas
1100 Commerce St., Third Floor
Dallas, TX 75242-1699
Direct line: (214) 659-8645
george.padis@usdoj.gov