IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

_____

| | |
|---|---|
| RYAN PEARL, individually and as next friend of B.P., a minor, and ALEXANDRIA NIETO, individually and as next friend of J.G., a minor,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No. 6:24-CV-00018-H |

### THE UNITED STATES' MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AND TO STIPULATE THAT THE CITY OF SAN ANGELO IS NOT A RESPONSIBLE THIRD PARTY

The United States moves under Federal Rules of Civil Procedure 13, 14, and 20 for leave to file a third-party complaint[1] against third-party defendants the Texas Department of Transportation (TxDOT) and Tom Green County (TGC). Both third-party defendants are governmental units of the State of Texas, and both have been previously designated responsible third parties. *See* ECF No. 12. In addition, the United States notifies the Court of its stipulation with Plaintiffs that the City of San Angelo should be de-designated as a responsible third party.

---

[1] A copy of the proposed third-party complaint is attached as Exhibit D in the appendix being filed with this motion.

**The United States' Motion for Leave to File Third-Party Complaint and to Stipulate that the City of San Angelo Is Not a Responsible Third Party – Page 1**

I.    Background

As noted in previous pleadings, Plaintiffs Ryan Pearl (individually and on behalf of his daughter and next friend B.P., a minor) and Alexandria Nieto (individually and on behalf of his daughter and next friend J.G., a minor) through this civil action sue the United States for damages for personal injuries sustained in a car accident with a vehicle driven by an employee of the United States.

The accident occurred on a Sunday afternoon in February 2023 when a van being driven by an employee of the U.S. Postal Service—delivering packages for Amazon—proceeded through the intersection of Olsak Road and Farm to Market Road (FM) No. 765 (San Angelo, Texas) without stopping. As depicted below (and as previously noted), the pole for the stop sign protecting the intersection from traffic traveling along Olsak Road was bent down, and the sign was missing:



**The United States' Motion for Leave to File Third-Party Complaint and to Stipulate that the City of San Angelo Is Not a Responsible Third Party – Page 2**

The vehicle being driven by an employee of the U.S. Postal Service struck a vehicle being driven by Nieto, in which two minors (J.G. and B.P.) were passengers. Nieto and J.G. were not wearing seatbelts and were ejected from Nieto's car; B.P. was wearing a seatbelt and remained in the car until first responders were able to mechanically remove her from what remained of Nieto's car.

Based on this information, the United States moved (unopposed) for, and the Court granted, leave to designate the three government agencies potentially responsible for the missing stop sign: TxDOT, TGC, and the City of San Angelo. Since then, the United States has diligently investigated the facts and circumstances of the missing stop sign and has found the following facts.

**A.    The facts believed to be undisputed show the stop sign had been down for at least six days and that a neighbor notified the county that the stop sign was missing on February 6 at 1:39 pm.**

As a result of the United States' investigation (including open-records requests, subpoenas, and depositions), we now know the below information about the stop sign (which is believed to be undisputed):

- The stop sign had been missing for at least six days before the accident on February 12, 2023;

- Six days before the accident, on February 6, 2023, at 1:39 p.m., a neighbor who lives near the intersection noticed the stop sign was missing and contacted officials at TGC; and

- TGC employee Ernest Galindo, that afternoon, drove to the intersection to investigate, where he determined the stop sign was the responsibility of TxDOT.

The City of San Angelo had no responsibility for the stop sign.

**B.    TxDOT and TGC disagree whether TGC notified TxDOT about the missing stop sign.**

That's where the stories diverge. Galindo avers in a declaration signed on March 25, 2025, that on the afternoon of February 6, 2023, he called Evan Jones, a Maintenance Section Supervisor with TxDOT:

> 3. On ==February 6, 2023,== at about 1:30 p.m., our office received a call by a person who lives near the intersection of Farm to Market Road (FM) 765 and Olsak Road. That person reported that the stop sign at that intersection was missing.
>
> 4. As a result of this call from a concerned neighbor, I drove to that intersection that same day. I confirmed that the stop sign on the Olsak Road side of the intersection was missing and that the stop sign belonged to the Texas Department of Transportation (TxDOT).
>
> 5. Because the stop sign belonged to TxDOT, ==I called Evan Jones with TxDOT that same day== to notify TxDOT that the stop sign was missing. Evan Jones is a Maintenance Section Supervisor with TxDOT's San Angelo office, and he is the person our office typically contacts to report TxDOT signs that are missing or down, or that may require repair.

App. 002, ¶¶ 3–5 (highlighting added).[2]

Ernest Galindo's declaration is corroborated by typewritten notes dated April 2023, about two months after the accident (the notes were produced by TGC):

> importantly this email states that a W▓▓▓▓ M▓▓▓▓ ,Citizen/Witness called the TGC maintenance Dept and spoke to a "MARK". MaRK said he would send someone out to see who was responsible for the stop sign. Mark sent a TGC shop employee named Ernest. ==Ernest said he spoke to someone at TxDOT before the accident.== [THAT'S IT…NO MORE DETAILS THAN THAT OR FULL

App. 005 (highlighting added).

---

[2] "App." citations refer to the appendix being filed with this motion.

The United States deposed Evan Jones on March 26, 2025, who acknowledged in the deposition that:

- Mr. Jones is an employee of TxDOT responsible for acting on information that a stop sign is missing (App. 009:5–9);

- "Definitely a week of having no stop sign in a spot is too long" (App. 011:18–12:5);

- once TxDOT learns about a missing stop sign during working hours, that issue should be addressed with a temporary sign that same work day (App. 013:7–22 ("The next day would be too long. Not acting on it that day.");

- Mr. Galindo typically contacts Mr. Jones about missing stop signs and road signs in Tom Green County (*See* App. 014:23–15:7);

- Mr. Galindo is "generally . . . trustworthy" (*see* App. 015:16–25)[3];

- The stop sign is TxDOT's responsibility (App. 010:19–21); and

- TGC does not repair TxDOT stop signs that are damaged or missing (App. 016:13–20).

But Mr. Jones does not believe, to the best of his recollection, that Mr. Galindo (or anyone else for that matter) contacted him or TxDOT to notify TxDOT that the stop sign itself was missing. App. 017:10–25.

If Mr. Galindo's testimony is to be believed, TxDOT was negligent for having known the stop sign was missing for at least six days and for failing to act to repair that dangerous condition with a temporary stop sign. If by contrast, Mr. Jones's testimony is to be believed, then TGC was negligent for having information about a dangerous condition and—knowing full well the appropriate person to contact—by failing to timely

---

[3] *But see* App. 015:8–15 ("[T]here has been a couple of time, nothing major, [that Galindo has] told me one thing and did another. Like I said, it was nothing major, so it didn't ever cross my mind.").

**The United States' Motion for Leave to File Third-Party Complaint and to Stipulate that the City of San Angelo Is Not a Responsible Third Party – Page 5**

notify the appropriate persons with TxDOT.

* * *

Either way, without a stop sign, this high-speed intersection—sitting at the juncture of a 75 mph speed limit Farm-to-Market highway and a 60 mph speed limit unmarked unnumbered highway—was an accident waiting to happen.

## II.     Argument & Authorities

"Under the FTCA, the right to indemnity or contribution in a tort action is normally determined under the law of the state where the negligent act or omission occurred." *Lopez v. Vaquera*, No. EP-12-CV-00427-DCG, 2013 WL 623567, at *12 (W.D. Tex. Feb. 19, 2013), *aff'd sub nom. Lopez v. Sentrillon Corp.*, 749 F.3d 347 (5th Cir. 2014). "Pursuant to Texas law, three types of contribution exist—(i) common law; (ii) statutory under Chapter 32 of the Texas Civil Practice and Remedies Code; and (iii) the comparative responsibility statute under Chapter 33 of said code." *Id.* at *13.

"Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant who is sued in tort . . . may reduce his liability by a percentage of responsibility attributed to a responsible third party." *Mavuninu-Jean v. Reyes*, No. 3:19-CV-1571-B, 2019 WL 5963886, at *1 (N.D. Tex. Nov. 13, 2019) (citing Tex. Civ. Prac. & Rem. Code § 33.002). While frequently applied in cases brought in federal court through diversity jurisdiction, Chapter 33 has also been applied to FTCA cases applying Texas law. *See, e.g.*, *Garcia v. Gutierrez*, No. M-12-CV-134, 2012 WL 12897347, at *1 (S.D. Tex. Nov. 14, 2012).

### A. The United States has a third-party contribution claim against TxDOT.

Third-party defendant TxDOT is liable to the United States for all or part of Plaintiffs' claims against the United States. TxDOT admitted that it was responsible for the stop sign at issue. TxDOT admitted that missing stop signs should be addressed with at least a temporary stop immediately, either the same business day or the next business day. Sworn testimony shows that a person employed by TxDOT responsible for acting on information about a missing stop sign had notice that the stop sign had been missing at least six days before the accident occurred. With that information, TxDOT took no action to repair the stop sign until it was too late. Thus, TxDOT breached its duty of care by failing to timely address a dangerous condition, proximately causing the car accident at the center of Plaintiffs' lawsuit against the United States. Therefore, the United States has contribution and indemnity claims against TxDOT under Texas common law, chapter 33 of the Texas Civil Practice & Remedies Code, or the Federal Tort Claims Act.

### B. The United States has a third-party contribution claim against TGC.

Third-party defendant TGC is liable to the United States for all or part of Plaintiffs' claims against the United States. TGC has acknowledged that it was informed by a concerned neighbor on the afternoon of February 6, 2023 (six days before the accident) that the stop sign was missing. App. 002, ¶ 3. That same day, a TGC employee (Ernest Galindo) went to the intersection and confirmed that the stop sign was missing. App. 002, ¶ 4. Galindo also confirmed that the stop sign was the responsibility of TxDOT. *Id.* ¶ 5. If the testimony of Evan Jones as the corporate representative of TxDOT is to believed, TGC officials took no action to inform TxDOT that the stop sign

was missing until it was too late. Thus, TGC breached its duty to correct the destruction of a traffic sign within a reasonable time after actual notice. TGC's breach proximately caused the car accident at the center of Plaintiffs' lawsuit against the United States, resulting in Plaintiffs' alleged damages for which they are suing the United States. Therefore, the United States has contribution and indemnity claims against TGC under Texas common law, chapter 33 of the Texas Civil Practice & Remedies Code, or the Federal Tort Claims Act.

### C.   The United States' motion is timely.

The United States did not file its third-party complaint within 14 days after serving its original answer because the United States could not in good faith file the third-party complaint before investigating the facts and circumstances of the missing stop sign. As noted above, the United States promptly identified TxDOT and TGC as responsible third parties and diligently pursued third-party discovery through open-records requests, subpoenas, and depositions. Although TGC has commendably cooperated with the United States' investigation, TxDOT has not. TxDOT employees declined to be interviewed informally by the United States. TxDOT refused to respond to the United States' open records request—until ordered to in part by the Attorney General's office. TxDOT initially did not respond to subpoenas served by the United States. Although TxDOT has now been deposed, that deposition determined that TxDOT's subpoena production of documents was materially incomplete such that the deposition remains open. The United States did not receive those responsive documents until April 23. As noted above, key facts only came to light in a potentially admissible form recently—the

week of March 24, 2025. Then, Plaintiffs noticed the deposition of an attorney with Tom Green County for April 18 to inquire about the stop sign issue.

After the deposition, the United States' promptly asked for Plaintiffs' position on the present motion and circulated a draft. On April 23, Plaintiffs communicated they opposed the motion—not for timeliness reasons but based on unstated concerns about the United States' legal basis for the third-party claims. Moreover, filing the third-party complaint will not delay or inconvenience the existing parties because Plaintiffs have been provided all documents (including those produced by TxDOT today) and have attended all depositions with third parties thus far. Indeed, Plaintiffs have been on notice since within a week of having served the United States with the original complaint that TxDOT and TGC were third parties responsible for the stop sign that caused on contributed to causing the accident. Plaintiffs themselves have cross-examined witnesses from both TxDOT and TGC. Thus, Plaintiffs have not and will not suffer any undue prejudice. Moreover, the United States does not presently believe that adding TxDOT and TGC as parties will require modification of the scheduling order currently in effect.

### III.    Conclusion

For these reasons, the United States asks the court to grant its motion for leave to file a third-party complaint against third-party defendants TxDOT and TGC. The United States also requests that the Court remove the designation of the City of San Angelo as a responsible third party.

*Signature on next page*

Respectfully submitted,

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

*/s/ George M. Padis*
George M. Padis
Texas Bar No. 24088173
Mary M. (Marti) Cherry
Texas Bar No. 24055299
Emily H. Owen
Texas Bar No. 24116865
Assistant United States Attorneys
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
214.659.8600
Fax: 214.659.8807
george.padis@usdoj.gov
mary.cherry@usdoj.gov
emily.owen@usdoj.gov

Ann E. Cruce-Haag
Assistant United States Attorney
Texas Bar No. 24032102
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
806.472.7351
Fax: 806.472.7394

*Attorneys for Defendant United States of America*

*Certificates on next page*

## CERTIFICATE OF SERVICE

I certify that on April 23, 2025, a copy of the above motion for leave to file a third-party complaint was electronically filed with the Court's CM/ECF system and served on Plaintiffs.

                                             */s/ George M. Padis*
                                             George M. Padis

## CERTIFICATE OF CONFERENCE

I certify that counsel for the United States conferred with Plaintiffs' counsel in a teleconference on April 18 and over email thereafter. On April 23, Plaintiffs' counsel contacted counsel for the United States expressing concerns of the legal basis for the claims against the proposed third-party defendants but not about the timeliness of the circulated motion (substantially similar to the motion that is being filed). Plaintiffs indicated that they are presently opposed to the motion.

                                             */s/ George M. Padis*
                                             George M. Padis

Case 6:24-cv-00018-H   Document 23   Filed 04/23/25   Page 11 of 11   PageID 156

**The United States' Motion for Leave to File Third-Party Complaint and to Stipulate that the City of San Angelo Is Not a Responsible Third Party – Page 11**