IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| **RYAN PEARL,** individually and as next friend of **B.P.,** A Minor; and **ALEXANDRIA NIETO,** individually and as next friend of **J.G**., a minor; and,<br>    Plaintiffs<br>vs.<br>**UNITED STATES OF AMERICA**,<br>    Defendant | NO. 6:24-CV-00018-H |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' PARTIAL MSJ**

The Court should reject the Government's arguments because (1) they are required to show duty and breach; (2) the only duty owed is a premises duty created by the Texas Tort Claims Act (TTCA); and (3) an unsworn declaration does not defeat a motion to strike a responsible third party (RTP).

ARGUMENT

1. *RTPs should be stricken if they have no duty.*

The Government accuses Plaintiffs of conflating responsibility with liability, but it is the Government that confuses *defenses to liability* with the

*absence of duty*—a threshold issue. After discovery, a court must strike a third party that, as a matter of law, has breached no duty. Tex. Civ. Prac. & Rem. § 33.004(l). And that's exactly what the Texas Supreme Court affirmed in *Eagleridge*: no duty means no responsible third party. 642 S.W.3d 518, 529–30 (Tex. 2022).

### 1.1. Responsible Third Parties must have a duty.

To start, the text of the statute defines "responsible third party" as one who violates an "applicable legal standard." Tex. Civ. Prac. & Rem. § 33.011(6). Ignoring the text, the defendant doesn't cite any cases to support its claim that it can retain an RTP designation even if the third-party had no duty. *Contra* Pls. Br., ECF No. 26, at 3–4 (citing several cases). Worse, defendant does not even mention *in re Eagleridge Operating, LLC*. There, a party appealed the striking of a responsible third party. 642 S.W.3d at 520. The Texas Supreme Court held that because the third party "ceased to have any responsibility for the premises conditions and thus had no duty under premises-liability principles," the trial court did not abuse its discretion in striking the responsible-third-party designation. *Id.* at 529–30.

Then, there's *in re Gamble*, 676 S.W.3d 760, 791 (Tex. App.—Fort Worth 2023, no pet.). *Gamble* held that under the TTCA, TxDOT had no duty for failure to place a barrier in a highway median. *Id.* And the court stated plainly: "Absent a legal duty, therefore, there is no applicable legal standard for purposes of third-party responsibility." *Id.*

The defendant's response doesn't address these cases, or the four other cases cited in the motion. ECF No. 26, at 3–4. In fact, the only cases the Government cites address pre-discovery designation objections and involve

*defenses to liability*—like limitations. *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863 (Tex. 2009) (where a since-repealed provision of Chapter 33 amends the statute of repose on certain causes of action); *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 783 (Tex. 2020) (whether a defendant can designate a responsible third party after the expiration of the statute of limitations). These cases don't address post-discovery motions based on the absence of a legal duty, which Texas law treats as a distinct and dispositive issue. *See* Tex. Civ. Prac. & Rem. § 33.004(l) (court "shall" strike designation after discovery and without evidence).

The Government's duty theory opens a dangerous door. If it stands, what's stopping it from naming every driver who passed the missing stop sign and didn't call 311? Or blaming the state for the speed limit? Worse, Texas hasn't passed laws to require or fund regular traffic sign checks—under the Government's logic, the Legislature itself becomes a responsible third party. In fact, Texas courts and the plain language of the statute require a showing that the RTP violated an applicable legal standard. Tex. Civ. Prac. & Rem. § 33.011(4) & (6).  Here, the defendant cannot show either TxDOT or Tom Green County violated such a standard.

1.2. **TTCA creates the exclusive premises liability duty.**

The TTCA is not just a waiver of sovereign immunity; it also *creates* liability. To quote the statute: "Sovereign immunity to suit is waived and abolished *to the extent of liability created by this chapter*." Tex. Civ. Prac. & Rem. § 101.025(a) (emphasis added); *see also Corbin v. City of Keller*, 1 S.W.3d 743, 746 (Tex. App.—Fort Worth 1999, writ denied) (governmental units "may be sued only if liability arises under the Act.").

The Texas Supreme Court explained as much in *City of Waco v. Kirwan*, 298 S.W.3d 618, 622-24 (Tex. 2009). There, the question was what duty a city owed a visitor who was injured in its park. *Id.* at 620. The court held that because the TTCA created the liability, the common-law standard does not answer the question; instead, "the statutory standard controls. ... [U]nique to this analysis is the fact that liability here is premised on a statute." *Id.* at 623, 624. The Supreme Court notes there are three types of liability recognized by the TTCA: "(1) use of publicly owned automobiles; (2) injuries arising out of a condition or use of tangible personal property; and (3) premises defects." *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016).

Since this case involves neither state automobiles nor personal property, the only question is whether the state has any duty under the premises liability rules established by the TTCA. To start, the statutory text answers the question: "the governmental unit owes to the claimant *only* the duty that a private person owes to a licensee on private property." Tex. Civ. Prac. & Rem. § 101.022(a) (emphasis added).

In *Pecan Valley*, the plaintiff sued for negligence, but defendants moved to dismiss, arguing that the TTCA was plaintiffs' sole remedy. *Pecan Valley Mental Health Mental Retardation Region v. Doe*, 678 S.W.3d 577, 583 (Tex. App.—Eastland 2023, pet. denied). The court held: "In Texas, the TTCA is the only source for common-law recovery against a governmental unit, thus, all tort theories alleged against a governmental unit are assumed to be under and subject to the TTCA." *Id.* at 585. And the Texas Supreme Court agrees: "Because the Tort Claims Act is the only, albeit limited, avenue for common-

law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be under the Tort Claims Act." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008).

Again, the United States doesn't even cite these cases—or the seven other cases cited in Plaintiffs motion—let alone try to distinguish them. ECF No. 26, at 4–5.

### 2.   *Texas law requires the duty owed to a licensee.*

Next, the Government argues that it can rely on constructive notice under section 101.060 to pursue a negligence claim. ECF No. 35, at 10–11. The Government is wrong. First, as this case involves the removal of a sign by a third person, *actual* notice to the governmental unit is needed. Tex. Civ. Prac. & Rem § 101.060(a)(3); *see also* ECF No. 26, at 7 & n.1.

Second, the Texas Supreme Court unambiguously held that section 101.060 "does not create a cause of action separate and apart from a premises defect cause of action." *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 78 (Tex. 2007). There, the Supreme Court rejected the argument that section 101.060 allows a negligence action against TxDOT. *Id.* In doing so, the court rejected the Government's argument here, holding that the section is a "limitation" on liability and that the sole cause of action available is premises liability. *Id.*; ECF No. 26, at 4 (citing more cases on point).

Really, the only question is—if TxDOT had actual notice—what *premises* duty does the governmental unit owe? The defendant doesn't say. But Texas law answers this question: governmental units owe only the duty a

"private person owes to a licensee on private property." Tex. Civ. Prac. & Rem. § 101.022(a).

To get there, start with the TTCA's general rule, found in section 101.021: the state government is liable according to Texas law. And Texas premises liability law allows the USPS driver to be an invitee, licensee, or trespasser. *See Harris Co. v. Lopez*, 665 S.W.3d 874, 880 (Tex. App.—Houston [14th Dist.] 2023, pet. denied). The driver is not a trespasser. She's also not an invitee because she did not enter the premises with "the owner's knowledge and for the mutual benefit of both." *Id.* Thus, she must be a licensee: "one that enters and remains on the owner's land with the owner's consent and solely for the licensee's own purposes." *Id.*

And as Texas law describes the standard for licensee: "the landowner's duty to a licensee is such that the owner must refrain from injuring a licensee willfully, wantonly, or through gross negligence; the owner or occupier who has actual knowledge of a dangerous condition unknown to the licensee must warn of or make safe the dangerous condition. Additionally, a licensee plaintiff must prove the defendant had actual knowledge of the dangerous condition." *Id.* The Government cannot meet this heightened standard against either TxDOT or the County.

In fact, the only case relied on by the Government explains *exactly* this structure of liability. *Tex. Facilities Comm'n v. Speer*, 559 S.W.3d 245, 251 (Tex. App.—Austin 2018, no pet.). And it states that if the governmental unit has notice, section "101.021 would still have effect in that instance." *Id.* at 251. Under Texas law, the only "safe harbor" is one granted to a governmental unit if it does not have notice of the missing sign. *Id.* at 252.

In summary, the exclusive duty owed is a premises liability duty to a licensee. That duty requires actual notice of a dangerous condition and no notice to the USPS driver.

### 3. *Galindo's unsworn declaration can't defeat a motion to strike.*

The Government's reliance on Mr. Galindo's declaration is misplaced. First, the unsworn declaration is irrelevant to Tom Green County because it did not have exclusive control of the stop sign. ECF No. 26, at 5–6. Second, it's irrelevant to the issue of whether the USPS driver has actual notice of the missing stop sign.[1] *Id.* at 8–10. On these grounds, the Court should strike the designation of both TxDOT and the County.

Beyond that, look at the Government's appendix in support—it provides *no corroborating evidence* of this declaration. ECF No. 36. And an uncorroborated declaration cannot defeat a motion to strike in a bench trial.

If this were a jury trial, a dispute of fact is genuine when the evidence would allow "a reasonable juror to find in favor of the nonmovant." *In re*

---

[1] The defendant claims their driver lacked actual notice because she discussed the missing sign with a police officer. ECF No. 35, at 11 n.6. Texas law allows circumstantial evidence to prove actual knowledge if a reasonable inference supports it. *City of Corisicana v. Stewart*, 249 S.W.3d 412, 415 (Tex. 2008). For instance, if a city is aware of roof leaks and it's raining, it can have actual knowledge of a specific leak that caused a slip and fall. *City of San Antonio v. Rodriguez*, 931 S.W.2d 535, 536–37 (Tex. 1996). Likewise, the USPS driver received two warnings: a stop ahead and a stop line. ECF No. 27, at 48–49. When the driver failed to see the stop sign, it is a reasonable inference that the stop sign was missing.

*Highland Capital Mgm't, L.P.*, 116 F.4th 422, 438 (5th Cir. 2024). For summary judgment, the sufficiency of a declaration hinges on the extent to which it contradicts other evidence. *Id.* at 432. Where the level of contradiction is a "polar binary," the Fifth Circuit held the declaration should be discarded. *Id.* In *Highland Capital*, the affidavit's contradictions were the "heart" of the defense. *Id.* Likewise, in this case, the contradiction could not be more stark or more central to the issue of whether Mr. Galindo called TxDOT. ECF No. 26, at 7–8. The contemporaneous records and Mr. Galindo's prior statement was that he did "<u>not</u>" call TxDOT. App. 27, USA-3PTGC 30 (emphasis in original). If the Government cannot offer any evidence to corroborate Mr. Galindo's declaration now, what will change at trial?

In sum, a reasonable jury would not find in favor of the government on this issue without any corroboration. In this case, the unsworn declaration contradicts contemporaneous statements Mr. Galindo provided to the County attorney and all the contemporaneous records from both the County and TxDOT. *See also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (uncorroborated affidavit insufficient to raise material issue); *State Farm Fire & Cas. Co. v. Delta Beverage Group Inc.*, 401 Fed. Appx. 955, 959 (5th Cir. 2010) (same); *Richardson v. United Airlines, Inc.*, No. H-18-01707, 2019 WL 6330718, at *6 (S.D. Tex. 2019) (same).

## CONCLUSION

This Court should grant partial summary judgment on the Government's designation of TxDOT, Tom Green County, and the City of San

Angelo. Discovery has revealed that the County had no control over the stop sign, TxDOT had no notice of the missing sign, and the USPS driver was aware of the missing stop sign. These facts each support partial summary judgment on the Government's designation.

Respectfully Submitted,

/s/ Tom Jacob
**TOM JACOB**
　tjacob@nationaltriallaw.com
　Texas State Bar #24069981
**JAMAL ALSAFFAR**
　jalsaffar@nationaltriallaw.com
　Texas State Bar #24027193
**WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR, HIGGINBOTHAM, & JACOB P.L.L.C.**
1114 Lost Creek Blvd, Ste. 410
Austin, TX 78746
(512) 476-4346 (o)
(512) 467-4400 (f)
Attorneys for the Plaintiffs


**GUY CHOATE**
　gdchoate@webbstokessparks.com
　Texas State Bar #04212410
**CARLOS RODRIGUEZ**
　crod@webbstokessparks.com
　Texas State Bar # 24041804
Webb, Stokes & Sparks, L.L.P.
314 W. Harris Ave.

    San Angelo, TX 76903-6339
    (325) 718-2048 (o)
    Attorneys for the Pearl family


    **JON BAILEY**
       jonbailey@thebaileyfirm.com Texas
       State Bar #24026773
    The Bailey Law Firm
    136 East Twohig
    San Angelo, TX 76903
    (325) 658-1111 (o)
    Attorney for the Nieto family